IN THE MATTER OF: C.C-G., E.C-G., J.C-G.
No. COA08-252
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
The Office of the Wake County Attorney, by Assistant County Attorney Roger A. Askew, Assistant County Attorney Al Singer, and Wake County Attorney Scott W. Warren, for petitioner-appellee Wake County Human Services.
Richard E. Jester, for respondent-appellant.
Anthony H. Morris, for Guardian ad Litem-appellee.
MARTIN, Chief Judge.
Respondent mother appeals from the order which terminated her parental rights as to her minor children C.C-G., E.C-G., and J.C-G. For the reasons stated below, we affirm .
On 13 February 2006, the trial court entered a nonsecure custody order and placed respondent's minor children in the custody of Wake County Human Services ("petitioner"). After adjudicating the three children to be neglected and dependent in an order entered 4 April 2006, the trial court ordered that their legal custody remain with petitioner and listed minimum recommendations for respondent to meet if she desired reunification with her minor children. In an order entered 21 June 2006, the trial court directed respondent to:
a. Complete a psychological evaluation and follow all treatment recommendations.
b. Complete a parenting class approved by Wake County Human Services.
c. Establish and maintain appropriate, stable housing and employment, providing documentation. . . .
d. Register with Wake County Child Support Enforcement within 30 days of her release from jail and pay child support if so ordered.
e. Maintain regular contact with the social worker and with her minor children under a visitation plan developed by the agency and her.
In an order entered 7 December 2006, the trial court ceased reunification efforts with the children's father and repeated the previous order's directives concerning respondent.
In an order entered 17 April 2007, the trial court ordered that reunification efforts with respondent cease. The trial court found that it had "stressed to [respondent at the prior hearing] that it was essential that she engage in individual therapy." After making an initial contact with Crisis and Assessment in December 2006, respondent "did not return to seek services again until 26 March 2007, the week before this Court hearing." The trial court found that respondent "has been encouraged to attend Crisis and Assessment, but she has not made a reasonable effort to do so." Respondent was referred to a parenting class in January 2007, but she did not attend the January class. On 9 May 2007, petitioner filed a petition to terminate the parental rights of both respondent and the children's father. Regarding respondent mother, the petition alleged three grounds for termination: neglect pursuant to N.C.G.S. § 7B-1111(a)(1), willfully leaving the children in petitioner's custody for over 12 months without a showing of reasonable progress pursuant to N.C.G.S. § 7B-1111(a)(2), and abuse of C.C-G. pursuant to N.C.G.S. § 7B-1111(a)(1). After three continuances at respondent's request and one continuance at petitioner's request, the trial court heard the matter on 24 October 2007.
In its 21 November 2007 order, the trial court found the following facts on the basis of clear, cogent, and convincing evidence:
14. That [respondent] pled guilty . . . to charges of felony child abuse on August 21, 2006. . . . Due to behavior of her own doing, she was incarcerated from February, 2006 to August 21, 2006, and unable to have contact with her minor children or work on the case plan ordered by this Court.
15. That since her release from jail [respondent] has consistently told professionals, who work with her, that sometime in November of 2005, . . . [the father of C.C-G.] caused the child's injuries. She did not seek medical care for the child until advised to do so by a child care coordinator on February 10, 2006. She did not notice any bruises on the child. She did not notice any swelling of the leg. She did not notice that the child was in pain from any fractured ribs. She did not notice a large bump on the child's face. She was not clear as the exact time that the incident occurred with the father. The hospital diagnosed that the injuries sustained by [C.C-G.] were in different stages of healing. The Court finds that her testimony as to the cause of the child's injuries is not credible.
. . . .
19. That at the time of the filing of the underlying petition no protective plan could insure the safety of the minor children because [respondent] did not admit to causing injuries and had no reasonable explanation for the injuries. . . .
. . . .
23. That [respondent] was released from jail on August 21, 200[6]. . . . She had not made an effort to engage in therapy by the time a placement review hearing was held on November 30, 2006. The Court on this date advised the mother that it was vital that she attend therapy if she desired reunification with the child. . . .
24. That the Court conducted a review on April 7, 2007. The mother contacted Crisis and Assessment Services in December, 2006, but did not return to seek mental health services until March 28, 2007, when she was accompanied by the social worker, the week before the April hearing.
. . . .
26. [Respondent] did not make a reasonable effort to seek mental health counseling. The [respondent] stated that she had transportation problems getting to services, but [petitioner] offered to give her bus tickets to the services which are accessible by bus. . . .
27. That [respondent] was referred to parenting class at Safe Child in October, 2006, and she was to begin classes in January, 2007, but did not attend classes until August 30, 2007. A staff person at Safe Child had tried to reach the [respondent] but was not able to do so. The class is offered only twice per year.
. . . .
29. [Respondent] has moved several times since her release from jail, but has been living atone residence since January, 2007. The residence is not suitable for herself and her minor children. [Respondent] has not established and maintained housing suitable for herself and her children as ordered by this Court.
. . . .
33. That [respondent] began to engage in therapy . . . in May, 2007, and she has attended regularly. Although [respondent] has engaged in therapy and parenting classes since May, 2007, she will need long term counseling before she might be able to provide a safe home for the children.
. . . .
37. That from February 10, 2006, when the child was removed from [respondent's] care, to the date of the filing of this petition on May 9, 2007, [respondent] had not engaged in therapy or parenting classes as ordered by the court, and had not given a plausible explanation for [C.C-G.'s] injuries. She had not made reasonable progress in correcting the problems which caused the removal of the children from her care.
After finding that it was in the best interests of the children to terminate the parental rights of both respondent and the father, the trial court concluded there were sufficient facts that grounds existed to terminate respondent's parental rights pursuant to N.C.G.S. § 7B-1111(a)(1) and (a)(2). The trial court then terminated respondent's and father's parental rights. Respondent appeals from the trial court's order.
Respondent first contends the trial court erred in its findings of fact and conclusions of law and in its order that grounds existed to terminate her parental rights. She assigns error to thirty-one of the trial court's forty-five findings of fact and to two of its six conclusions of law. Respondent asserts "[t]hese findings were made despite" her being in "full compliance" at the time of the termination hearing. Respondent's argument is not persuasive.
On appeal, the applicable standard of review is whether the trial court's findings of fact are based upon clear, cogent, and convincing evidence and whether its conclusions of law are supported by the findings of fact. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001). If the trial court's findings of fact are based upon competent evidence, those findings are binding on appeal although there may be evidence to the contrary. In re J.M.W., 179 N.C. App. 788, 792, 635 S.E.2d 916, 919 (2006) (citing In re Williamson, 91 N.C. App. 668, 674, 373 S.E.2d 317, 320 (1988)).
The trial court found that between February 2006 when the children were removed from respondent's care and May 2007 when the petition to terminate was filed, respondent did not: (1) engage in therapy or parenting classes; (2) establish or maintain housing suitable for herself and her children; (3) provide a reasonable explanation of how C.C-G. suffered serious injuries; or (4) make reasonable progress in correcting the problems which caused the removal of her children. These findings are supported by competent evidence from the testimony of two social workers, a program coordinator, a foster parent, and respondent herself. Although one clinical social worker did testify positively about respondent's progress in therapy, that therapy began only after the filing of the petition to terminate. During the twenty months the children had been in petitioner's custody, respondent failed to complete a parenting class and had neither established suitable housing nor worked on obtaining such housing.
Pursuant to N.C.G.S. § 7B-1111(a)(2), the trial court may terminate parental rights upon a finding that "[t]he parent has willfully left the [children] in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the [children]." While acknowledging that respondent had made some progress in a few of the requirements, the trial court's findings provide numerous examples of her failure to make sufficient progress in completing the court-ordered requirements. Respondent initially made no effort to engage in therapy in the three months following her release from prison. After being informed at the 30 November 2006 review hearing that therapy was vital if she desired reunification with her children, she made one visit to Crisis and Assessment in December 2006 and did not return until a week before the 7 April 2007 review hearing where she was accompanied by a social worker.
Respondent did not admit to injuring C.C-G. and provided no reasonable explanation for the injuries and bruises which were in various stages of healing approximately three months after the time respondent claimed the father had abused the child. Although respondent had been living since January 2007 in an apartment that was not suitable for the children, she nevertheless had signed an annual lease for that apartment in August 2007 and was not seeking different housing at the time of the termination hearing. There was sufficient evidence to support the trial court's finding that respondent had not made reasonable progress in correcting the problems which had caused the removal of her children and warranting termination of her parental rights under N.C.G.S. § 7B-1111(a)(2). See In re Fletcher, 148 N.C. App. 228, 235-36, 558 S.E.2d 498, 502 (2002); see also In re B.S.D.S., 163 N.C. App. 540, 546, 594 S.E.2d 89, 93 (2004). Having concluded that at least one ground for termination of parental rights existed, we need not address the additional ground of neglect found by the trial court. See In re Baker, 158 N.C. App. 491, 497, 581 S.E.2d 144, 148 (2003); see also N.C. Gen. Stat. § 7B-1110(a) (2007).
Respondent next contends her trial counsel provided ineffective assistance by failing to properly preserve her right to appeal the trial court's 17 April 2007 order which changed the permanent plan for the children from reunification to termination of her parental rights and adoption. She relies upon her preceding argument to support her claim that her counsel's failure to preserve an appeal from the 17 April 2007 order was prejudicial to her. Respondent's argument is not persuasive.
"To prevail in a claim for ineffective assistance of counsel, respondent must show: (1) her counsel's performance was deficient or fell below an objective standard of reasonableness; and (2) her attorney's performance was so deficient she was denied a fair hearing." In re J.A.A. & S.A.A., 175 N.C. App. 66, 74, 623 S.E.2d 45, 50 (2005). Respondent claims petitioner is arbitrarily seeking to meet state and federal timelines and cover its own mistakes and failings. She blames petitioner for failing to assist her to engage in the ordered services until after the petition to terminate was filed. Having found no merit in her preceding argument that the trial court erred in its findings of fact and conclusions of law that grounds existed to terminate her parental rights, this Court finds that respondent has failed to show any prejudice as a result of her counsel's alleged deficiency. This assignment of error is overruled.
Affirmed.
Judges ELMORE and ARROWOOD concur.
Report per Rule 30(e).